UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DANA H.,

Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 6:25-cv-01027-AR

**OPINION AND ORDER**

---

**ARMISTEAD, United States Magistrate Judge**

Dana H. challenges the Commissioner's final decision denying her disability benefits, arguing that the Administrative Law Judge (1) erred in discounting her symptom testimony; (2) improperly evaluated the medical opinion of David Clark, D.O.; and (3) improperly rejected the lay witness testimony without comment. (Pl.'s Br. at 3-17, ECF 14.) The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence. *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir.

2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020)). With that standard of review applied, the Commissioner's decision is AFFIRMED.

**A.** ***Subjective Symptom Testimony.*** Plaintiff argues that the ALJ failed to give specific, clear and convincing reasons for discounting her subjective symptom testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) (if a claimant provides objective medical evidence of an underlying impairment and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony). According to plaintiff, the ALJ's summary of the medical record focused on "essentially normal or benign findings" and he failed to identify the testimony he found not credible and link it to specific evidence in the record. (Pl.'s Br. at 10, citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("[T]he ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").) The court disagrees.

For example, the ALJ discussed that contrary to plaintiff's allegations of dizziness and syncope while at work, her work-related emergency room treatment records "appeared to be allergic reactions" and occurred before the relevant period. (Tr. 27, citing Tr. 408-11, 419-24.) Undercutting plaintiff's allegations of worsening weakness, fatigue, and cognitive function, the ALJ pointed out that imaging did not support progression of her multiple sclerosis (MS), examination results showed intact memory, normal coordination and sensation, with "no memory or gait abnormality throughout the period at issue." (Tr. 30, citing Tr. 1118-19, 1127-35.) Also undermining plaintiff's allegations of severe mental health symptoms, the ALJ highlighted that she reported improvement on medications. (Tr. 1114.) Because the ALJ linked specific inconsistencies between plaintiff's testimony and the objective medical evidence, and those

findings are backed by substantial evidence, the ALJ's conclusion must be upheld. *Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.").

Furthermore, as contended by the Commissioner, the ALJ did not reject her testimony based solely on "the objective medical findings." (Pl.'s Br. at 11.) The ALJ identified additional reasons to discount her symptom testimony—inconsistencies in her testimony about her work history and inconsistencies about her driving activities—that plaintiff does not challenge. (*See, e.g.*, Tr. 28 citing 806-09, 814-15, 936-47 (ALJ detailing that plaintiff reported that she drove partner to and from work an hour each way five days a week, despite allegations of debilitating vision, memory, and concentration problems).) Accordingly, those arguments are waived and any error the ALJ may have made is rendered harmless by plaintiff's failure to challenge those bases for discounting her symptom testimony. (Tr. 27-30; *see also* *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006)); *Molina v. Astrue*, 674 F.3d 1104, 1113, 1115 (9th Cir. 2012) (holding that even if ALJ provides an invalid reason for discounting testimony, that error is harmless if other reasons are supported by substantial evidence and do not alter the ALJ's decision).

**B.** ***David Clark, D.O.*** David Clark is the physician who has treated plaintiff's MS since 2014. The ALJ was unpersuaded by Clark's January 27, 2025 opinion, observing that Clark provided "minimal explanation" for his extreme functional limitations, and that the opinion was not supported by his examination findings and was inconsistent with other record evidence. (Tr. 30; *see* *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(b)(2) (ALJs must "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors.").)

Plaintiff takes issue with the ALJ's supportability and consistency findings, pointing to 2022 and 2024 MRIs and other examination notes showing that her MS was aggressive and that she was in a continual "slow[] decline," with worsening weakness, fatigue, and cognitive deficits as Clark opined. (Pl.'s Br. at 3-7, quoting Tr. 1129, 1133).) Not so.

As for supportability, the ALJ reasonably explained that conclusions in Clark's opinion contained minimal rationale and that he failed to link his assessed limitations to objective medical evidence. After a thorough examination of Clark's treatment notes (Tr. 28), the ALJ discussed that Clark's examination findings consistently showed normal gait and coordination, undermining his described limitations in plaintiff's lower extremities. (Tr. 28, 30, citing 612, 630, 729, 769, 1131-33.) Clark's limitations in plaintiff's upper extremities the ALJ also found unsupported, noting that although she had some left side weakness (4/5) and increased reflexes (3/4) in her most recent examination, her coordination and sensation were normal, and were "in the context of being off medication for over one year" due to plaintiff's pregnancy. (Tr. 28, 30, citing 1131-33.) And as the ALJ observed, Clark planned to restart her MS medication and the ALJ rationally concluded that plaintiff would "improve[] with reinitiation of treatment." (Tr. 28, 30.) Because Clark's severe restrictions conflicted with his own clinical findings, the ALJ properly found that his opinion lacked supportability. *See Kitchen*, 82 F.4th at 740.

As for consistency, the ALJ found Clark's opinion unpersuasive because it was inconsistent with the opinions of the agency physicians and other record evidence. For example, the ALJ explained that Clark's opinion describing that as of June 1, 2022, plaintiff needed to rest after five minutes of work, could sit for only 10 minutes at a time, and needed to shift positions at will was inconsistent with the medium exertion work that plaintiff performed in November

2022. (Tr. 28, 30, 288, 293.) Based on that inconsistency, the ALJ could reasonably conclude that Clark's extreme limitations were inconsistent with other evidence.

Plaintiff argues that the ALJ's consistency finding is not based on substantial evidence, suggesting that discounting Clark's opinion in favor of the agency physicians' opinions that were based on a partial record is error. (Pl.'s Br. at 5, quoting *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1107 n. 8 (9th Cir. 1995) ("[T]he opinions of non-treating and non-examining physicians do not, by themselves, constitute substantial evidence that justifies the rejection of the opinion of a treating doctor." (citation modified).) Plaintiff's reliance on *Treichler* is misplaced here. The *Treichler* quotation discusses weighing medical opinion evidence under the previous regulations. As argued by the Commissioner, the revised regulations apply here and "the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787, 792 (9th Cir. 2022) (discussing that revised regulations displaced "the former hierarchy of medical opinions" and are "clearly irreconcilable" with prior case law giving deference to treating physicians). As above, the ALJ's supportability and consistency findings are backed by substantial evidence; more is not required.

Still, plaintiff contends that MRIs from July 2022 and October 2024 confirm her MS disease progression and bolster Clark's opinion. (Pl.'s Br. at 5, citing Tr. 621 (July 2022 MRI), 1075 (October 2024 MRI).) The ALJ disagreed, stating that Clark identified the MRIs in his opinion, but did not connect them to any specific limitations, a finding backed by substantial evidence. (Tr. 30.) Moreover, the ALJ observed that the July 2022 MRI showed new lesions consistent with a progression of MS since 2018, yet the lack of active demyelination suggested that the changes were not recent. (Tr. 28, citing 621-22.) And the ALJ noted that Clark's

September 2022 neurologic examination findings were unchanged from March 2020. (Tr. 28, citing 611-13, 628-30.) Further discussed by the ALJ was that the October 2024 MRI revealed stable findings, and that despite plaintiff's report to Clark that her symptoms were worsening, her alleged progression was not supported by imaging. (Tr. 28, 1075.) In sum, the ALJ's supportability and consistency findings are backed by substantial evidence, the ALJ's reading of the record is rational, and the court may not engage in second-guessing. *See Smartt*, 53 F.4th at 499; *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (providing that where medical evidence is susceptible to more than one rational interpretation, the ALJ's conclusion that must be upheld).

**C.** ***Lay Witness Testimony.*** Lay witness testimony about a claimant's symptoms is competent evidence that an ALJ must consider and may be rejected only if the ALJ "gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Plaintiff argues that the ALJ erred in rejecting the lay witness testimony of her friend without comment. Although plaintiff is correct that the ALJ did not specifically discuss the testimony of her friend, any error is harmless because her friend's testimony about plaintiff's limitations tracked plaintiff's own allegations. (*Compare* Tr. 301-08, *with* Tr. 309-16.) As discussed above, the ALJ provided specific, clear and convincing reasons for discounting plaintiff's subjective symptom testimony, and those same reasons are valid grounds for discounting her friend's similar statements. *See Molina*, 674 F.3d at 1117 (affirming that if an ALJ provides clear and convincing reasons for rejecting a claimant's subjective complaints, failing to discuss similar testimony from lay witness is harmless error). Thus, the ALJ did not harmfully err in evaluating the lay testimony.

## CONCLUSION

For the above reasons, the court AFFIRMS the Commissioner's final decision and this action is DISMISSED.

DATED: September 23, 2026.

JEFF ARMISTEAD
United States Magistrate Judge